UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAROLD M. HOFFMAN, ESQ.
Attorney ID No. 006531984
240 Grand Avenue
Englewood, NJ  07631
(201) 569-0086
*Attorney for Plaintiff and the Putative Class*

| | |
|---|---|
| **BRIAN KEEGAN**, individually and on behalf of those similarly situated,<br><br>                    Plaintiff,<br><br>           -against-<br><br>**DEAN A. SPINOGATTI, and BALLZACK ASSOCIATES LLC,**<br><br>                    Defendants. | **22 cv _____ (        )**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## OVERVIEW

1.     By this civil action, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress nationwide injury inflicted by Defendants on the United States consumer public through the advertisement, marketing, distribution and sale of an over-the-counter, purportedly natural, herbal supplement in capsule form, intended to be ingested orally.

2.     According to Defendants, their product, called *Sustango*, is an

1

efficacious, *natural* herbal remedy for erectile dysfunction ("ED"). Defendants claim, and their product label explicitly specifies, that Sustango is an all natural *dietary supplement* that contains only herbal constituent ingredients, along with vitamin B3. A dietary supplement is a product taken by mouth that contains a dietary ingredient intended to supplement the diet. The dietary ingredients in such products may include: vitamins, minerals, amino acids, herbs or other botanicals. Manufacturers and distributors of dietary supplements are prohibited from marketing products that are adulterated with undisclosed substances, including pharmaceuticals.

3. Shockingly though, Defendants' claims as to the nature of their product, including its constituent ingredients, are a lie; a lie that puts the health of the U.S. consumer public at risk.

4. Neither the Defendants, nor the Sustango product label, disclose that Sustango is covertly adulterated with *Sildenafil*, the generic ingredient in the well-known pharmaceutical *Viagra*. Viagra is in a class of pharmaceuticals called phosphodiesterase ("PDE") inhibitors. PDE inhibitors work to treat erectile dysfunction by blocking a specific enzyme in the blood vessels. This allows blood vessels to relax, resulting in increased blood flow to the penis. This increased blood flow can cause an erection. But, Sildenafil is a pharmaceutical available in the United States **only under the supervision of a physician, by prescription only.**

5. Defendants, who market the Sustango product to treat ED based on the explicit claim that it contains only natural, herbal constituents and vitamins, are in reality, covert, unauthorized and unlicensed drug dealers who violate federal criminal statutes by introducing misbranded drugs into interstate commerce.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) which provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any Defendant, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

7. Plaintiff alleges that the claims of individual Class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28 U.S.C. § 1332(d)(2), (5).  Further, as set forth below, Plaintiff is a citizen of a state different from the Defendants.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events, acts, transactions and omissions giving rise to the claims asserted herein occurred in this District.

## THE PARTIES

9. At all times relevant, Plaintiff Brian Keegan was a citizen of the State of New Jersey with a place of residence in Bergen County. Plaintiff purchased Sustango in May 2022, in reliance on the claim that it contained only natural ingredients. Plaintiff paid $58.28 for the Sustango product. Upon ingesting Sustango, Plaintiff experienced headache, dizziness, and blurred vision.

10. At all times relevant, Defendant Dean A. Spinogatti was a citizen of the State of Florida, with a place of residence in Winter Garden, FL. At all times relevant, Defendant Ballzack Associates LLC was a Florida Limited Liability Company owned and operated by the individual Defendant. Defendants and/or alias entities employed by them have fraudulently petitioned the *U.S. Patent and Trademark Office* to grant a trademark for the Sustango mark as a registered herbal dietary supplement. Acting jointly, severally and in concert, the Defendants advertised, marketed, distributed and sold Sustango in commerce throughout the United States, including but not limited to the State of New Jersey.

## THE SUSTANGO PRODUCT

11. According to the Sustango product label, the product, in capsule form, contains only natural, herbal constituent ingredients, along with vitamin D3. The product label also claims that Sustango is formulated in the United States.

12. But Sustango is not formulated in the United States, nor is it a natural, herbal blend as claimed. According to sophisticated laboratory analysis – a *Certificate of Analysis* dated June 14, 2022, issued by a highly prominent U.S. testing laboratory is attached hereto as Exhibit A – each capsule of Sustango contains 10.7 mg of the pharmaceutical Sildenafil. The presence of this substantial dose of a pharmaceutical, available by prescription only, is not disclosed on the product label. Defendants conceal the substantial presence of Sildenafil in Sustango because Sildenafil may not be sold and/or lawfully obtained by a U.S. consumer without medical supervision and a prescription.

13. Defendants' advertisement, marketing, distribution and sale of Sustango constitute a violation of federal law. Indeed, Defendants are illicit drug traffickers.

14. Defendants' claims, promises and product labeling with respect to the constituents in Sustango were calculated and designed to lead Plaintiff and members of the putative class to believe that Sustango was a natural, herbal remedy for ED. Plaintiff and members of the putative class relied on Defendants' deceitful claims and purchased and consumed the product based on said deceitful claims.

15. Sildenafil is a pharmaceutical available only at the direction and prescription of a physician, after full medical consultation and examination, as it is potentially dangerous to the health of U.S. consumers if secured and ingested without

medical authorization and clearance. Indeed, FDA approval of this pharmaceutical is specifically limited to its use under the supervision of a licensed professional. Due to toxicity and other potentially harmful effects – including life-threatening drops in blood pressure, loss of vision, and loss of hearing – Sildenafil is not safe for use except under the supervision of a medical practitioner. Yet, Defendants do not disclose that consumers of its product are ingesting Sildenafil.

16. Members of the class, including Plaintiff, were deceived by Defendants' claims and misrepresentations concerning Sustango's purportedly natural, herbal constituents, and paid a purchase price for the product based on said claims by Defendants.

## CLASS ALLEGATIONS

17. Plaintiff brings this suit individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of all United States residents who purchased *Sustango* during the six (6) year period preceding the filing of this suit.

18. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

19. **Numerosity:** The members of the Class are so numerous that joinder of

all members is impracticable. The Class is comprised of consumers throughout the United States.

20.     **Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

> (a) Whether Defendants' affirmative, material misrepresentations and concealment constitute common law fraud, as well as statutory fraud in violation of the New Jersey *Consumer Fraud Act*;
>
> (b) Whether Defendants deliberately concealed the adulteration of Sustango with a pharmaceutical; and,
>
> © the appropriate measure of damages suffered by Plaintiff and members of the Class.

21.     **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' illegal and shockingly deceitful conduct.  Plaintiff, like other members of the Class, purchased and consumed Sustango, after exposure to the same misrepresentations and/or concealment as to its adulteration with Sildenafil. Plaintiff is advancing claims and legal theories typical to the Class.

22.     **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

23. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

24. Plaintiff's counsel is an experienced attorney who has previously been appointed as class counsel for certified classes of consumers by both state and federal courts in New Jersey and New York, including this Court. Thus, Plaintiff is a qualified and suitable attorney to serve as class counsel.

25. This suit may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

26. Plaintiff also seeks injunctive relief requiring Defendants to: (I) discontinue advertising, marketing, packaging, distributing, selling and otherwise representing Sustango as a natural herbal product; (ii) surrender of their existing stock of the product, as well as stock held by *Amazon* (as many of Defendants' Sustango sales are fulfilled by *Amazon*), to the U.S. Food and Drug Administration; (iii) undertake a public information campaign to Class members of their false and deceitful prior practices; and (iv) correct any erroneous impression consumers may have derived

concerning the nature, characteristics, or qualities of Sustango, including without limitation, the placement of corrective advertising and providing written notice to the public.

27.    **Superiority**: In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who purchased Sustango. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Class, acting individually, effectively and cost-efficiently to redress Defendants' wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**[Common Law Fraud]**

28.    Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

29.    Defendants' false labeling of Sustango and their false representations

as to the true constituent ingredients of Sustango, as well as their conscious, deliberate failure to disclose that Sustango is adulterated with a pharmaceutical, constitute material misrepresentations and concealment of material fact.

30.     Defendants knew full well that Sustango's ingredient list was materially false and that Sustango was adulterated with Sildenafil. For example, Defendants' product label advises consumers to "take one capsule... 60 minutes before activity," and it warns consumers to not take "more than one capsule in a 24 hour period." These advisements and warnings evidence Defendants' plain awareness that they were marketing a pharmaceutical, and not an herbal product. Indeed, the aforesaid advisement and warning mirrors information provided to consumers of the pharmaceutical Sildenafil under a physician's supervision. Such advisements and warnings have no application whatsoever to a truly herbal product. Defendants' claim of selling an herbal product is a patent, cooked-up, deliberate lie, and Defendants knew as much. Further, Defendants' representation on the product label that Sustango is formulated in the United States is a conscious, outright lie.

31.     Defendants fully intended falsely to represent Sustango as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical.

32.     Defendants fully intended that consumers rely on the deliberate falsity and material incompleteness of Sustango's ingredient list.

33. Defendants further fully intended to conceal the adulteration of Sustango from state and federal regulatory and law enforcement authorities, as well as from *Amazon*, on whose platform the product is advertised and sold.

34. Plaintiff and the putative class of consumers reasonably relied on Defendants' lies and deceit as to the constituents of Sustango.

35. Plaintiff and the putative class of consumers were damaged by being subjected to a non-prescribed, potentially dangerous pharmaceutical, as well as by the taking of consumer funds expended to purchase a product marketed and sold based on lies, deceit and material concealment of Sustango's true constituent ingredients.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendants for treble damages for common law fraud, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### [New Jersey Consumer Fraud Act]

36. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

37. At all relevant times, plaintiff was and is a consumer, with a residence in the State of New Jersey, County of Bergen.

38.     At all relevant times, Defendants constituted a "person" as defined in the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

39.     In advertising, marketing, distributing and selling Sustango to the U.S. consumer public as a natural, herbal product when, in truth, it is knowingly adulterated with an undisclosed pharmaceutical, Defendants violated the New Jersey *Consumer Fraud Act*.

40.     Based on Defendants' illicit advertising and marketing of Sustango, Defendants is believed to have sold substantial quantities of the product to consumers throughout the nation, including the State of New Jersey.

41.     Defendants' blatant misrepresentations and concealment regarding the true nature and ingredients of Sustango were designed to and did lead class members to believe that it was a natural, herbal product, as opposed to an unlawfully distributed pharmaceutical. Plaintiff and members of the Class relied on Defendants' misrepresentations and concealment of pharmaceutical adulteration and would not have purchased and/or paid **any** purchase price for Sustango but for Defendants' false claims, misrepresentations and concealment.

42.     Plaintiff brings this suit to recover funds taken by Defendants as a consequence of their material deception of consumers as to the true pharmaceutical nature of Sustango.

43. The affirmative claims, promises and representations made by Defendants in connection with the marketing, advertisement, distribution and sale of Sustango, as aforesaid, are violative of the New Jersey *Consumer Fraud Act*.

44. Members of the putative class are purchasers of Sustango and, prior to purchasing it, saw, read, heard and relied upon Defendants' materially false product advertisements, product labeling, promises, claims and representations, as aforesaid.

45. Plaintiff and members of the class, prior to purchasing and consuming Sustango, saw, read and/or heard Defendants' false promises, and deceitful product labeling, and made an out of pocket payment to Defendants in response thereto and in reliance thereon.

46. The very purpose of the New Jersey Consumer Fraud Act is to protect consumers, such as the putative class members at bar, from being victimized by false promises, claims and concealment with respect to the nature and constituents of the product being purchased.

47. Defendants materially misrepresented Sustango: It is not a natural, herbal product; it is a non-prescribed pharmaceutical which puts consumers' health at risk. Plaintiff and members of the class paid for a wholly misrepresented product.

48. U.S. consumers made purchasing decisions and did, in fact, make

purchases from Defendants based upon and in reliance on Defendants' specific claims and representations as to Sustango's natural, herbal composition.

49. Defendants affirmatively and deliberately misrepresented the very nature of Sustango.

50. The affirmative claims, promises and representations made by Defendants as to Sustango are dangerously false and fabricated.

51. Defendants' labeling promises and representations concerning Sustango are wholly false and constitute a deception; a misrepresentation; an unconscionable trade practice; a sharp and deceitful marketplace practice, a violation of federal law, and constitute a dangerously false promise which puts the health of consumers at risk.

52. Defendants' labeling promises and representations concerning Sustango result in nationwide consumers who purchased the product being subjected to misrepresentation, false promise, fraud, deceit, and life-threatening trickery.

53. Defendants have made material, affirmative misrepresentations in connection with the sale, marketing and/or advertisement of Sustango, and to induce its purchase by nationwide consumers.

54. Members of the putative class suffered ascertainable loss in the form of actual out of pocket payment and expenditure to acquire a potentially dangerous, non-prescribed medication as a result of Defendants' unlawful conduct. Members of the

putative class paid hard earned money to acquire from Defendants a natural, herbal product and instead received from Defendants a non-prescribed, illegal pharmaceutical.

55. Defendants' product failed to measure up to the consumers' reasonable expectations based on the representations made by Defendants. U.S. consumers intended to purchase a natural, herbal product. Instead, they received a potentially dangerous, non-prescribed pharmaceutical. Thus, purchasers of Sustango were injured and suffered loss.

56. For their money, members of the class received something dramatically different from what they reasonably expected in view of Defendants' representations and product labeling. As a result, consumers suffered ascertainable loss.

57. Defendants marketed and sold Sustango - and consumers including Plaintiff purchased the product - as a result of, in reliance on Defendants' deceitful promise that Sustango was a natural herbal product, not an illegally-delivered drug. Thus, there is a causal relationship between the Defendants' misrepresentations and concealment, and the loss suffered by plaintiff and class members.

58. Defendants' lies and concealment as to the covert adulteration of Sustango constitute material misrepresentations under the New Jersey *Consumer Fraud Act.* Defendants' outrageous conduct violates federal law and thus stands outside the norm of reasonable business practice.

59. Defendants' conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

60. As a proximate result of Defendants' conduct, plaintiff and members of the class were damaged and suffered loss.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendants for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

/s/ **HAROLD M. HOFFMAN, ESQ.**
240 Grand Avenue
Englewood, NJ  07631
(201) 569-0086
*Attorney for Plaintiff and the Putative Class*

Dated: June 27, 2022